Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DANIEL JOHNSON, | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| | ) **1. VIOLATION OF THE FAIR** |
| v. | ) **DEBT COLLECTION PRACTICES** |
| | ) **ACT, 15 U.S.C. §1692 ET. SEQ.;** |
| RASH CURTIS & ASSOCIATES, | ) **2. VIOLATION OF THE** |
| | ) **ROSENTHAL FAIR DEBT** |
| Defendant. | ) **COLLECTION PRACTICES ACT,** |
| | ) **CAL. CIV. CODE §1788 ET. SEQ.** |
| | ) **3. VIOLATION OF THE** |
| | ) **TELEPHONE CONSUMER** |
| | ) **PROTECTION ACT, 47 U.S.C. §227** |
| | ) **ET. SEQ.** |
| | ) |
| | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

DANIEL JOHNSON ("Plaintiff"), by his attorneys, KIMMEL &
SILVERMAN, P.C., alleges the following against RASH CURTIS &
ASSOCIATES ("Defendant"):

**INTRODUCTION**

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code §1788, *et seq.* ("RFDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

**PARTIES**

5.  Plaintiff is a natural person residing in Bay Point, California 84565.

6.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7.  Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8.  Defendant is a corporation with its principal place of business located at

190 S. Orchard Avenue, A200, Vacaville, California 95688.

9.   Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

10. The principal purpose of Defendant's business is debt collection.

11.   Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12.   Debt collection is the principal purpose of Defendant's business.

13.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14.     Plaintiff has a cellular telephone number.

15.     Plaintiff has only used this phone number as a cellular telephone.

16.     By way of background, Defendant began placing repeated harassing telephone calls to Plaintiff on his cellular telephone in or around June 2013 seeking to collect an alleged consumer debt.

17.   The alleged debt arose out of transactions that were primarily for personal, family or household purposes.

18.     Defendant's harassing debt collection calls derived from numbers including, but not limited to: (866) 729-2722. The undersigned has confirmed that this phone number belongs to Defendant.

19.    During this time, Defendant contacted Plaintiff using an automatic telephone dialing system and/or pre-recorded voice or message.

20.    Plaintiff knew that Defendant was calling him using an automatic telephone dialing system as their calls included a recording prior to connecting to one of Defendant's collectors.

21.   Defendant's calls were not for emergency purposes.

22.   On multiple occasions between June 2013 and October 2017, Plaintiff told Defendant to stop calling him.

23.    Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

24.    Contrary to Plaintiff's instructions to stop calling, Defendant instead continued to call Plaintiff through November 2017.

25.    Plaintiff found Defendant's excessive collection calls to be intrusive, disruptive and harassing during this time period, especially when he was regularly interrupted by Defendant's calls while at work.

26.    Eventually in order to get the calls to stop Plaintiff was forced to download an app to his cellular telephone to block Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

27.    Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

28.   Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

29.   Defendant violated both sections when it placed repeated harassing telephone calls to Plaintiff between February 2017 and November 2017 knowing its calls were unwanted.


## COUNT II
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

30.    Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

31.    Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

## COUNT III
## <u>DEFENDANT VIOLATED THE TCPA</u>

32.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

34.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

35.     Defendant's calls to Plaintiff were not made for "emergency purposes."

36.     Defendant's calls to Plaintiff, on and after Plaintiff revoked consent were not made with Plaintiff's prior express consent.

37.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

38.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

39.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, DANIEL JOHNSON, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

e. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

f. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

g. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

h. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

i. Any other relief deemed appropriate by this Honorable Court.

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, DANIEL JOHNSON, demands a jury trial in this case.


RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

DATED: February 19, 2018    By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com

- 8 -